IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHEAL H. HAGAN, an individual, and
CRAIGMYLE HALTER COMPANY, LLC,
a California limited liability company,

       Plaintiffs,

vs.                                                                          No. 11-mc-16 MV

CRAIGMYLE HALTERS AND TACK
MANUFACTURING, LLC, a Delaware limited
liability company, doing business as "the Craigmyle
Halter Company;" CLYDE VELTMANN, an
individual; DIANTHA VELTMANN, an individual,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants Clyde and Diantha Veltmann's *Motion to Stay All Action*, filed February 18, 2011 (Doc. 3). The Court has reviewed the motions and briefs submitted by the parties, and the relevant authorities. The Court concludes that the registered judgment will be vacated because the registration does not comply with the statutory requirements. The motion to stay is moot and will be denied for that reason and for failure by the Veltmanns to follow the Federal Rules of Civil Procedure with regard to moving for sanctions.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On February 11, 2011, Plaintiffs filed with this Court a *Clerk's Certification of a Judgment to be Registered in Another District* signed by the Clerk of Court of the United States District Court, Central District of California. Doc. 1. On the face of the certificate, dated January 13, 2011, the Clerk certified that "as appears from this court's records, no motion listed in Fed. R. App. P.

1

4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending." *Id.* at 1.  On February 17, 2011, the California Clerk filed an *Amended Notice of Clerical Error* recognizing that an appeal had in fact been filed by the Veltmanns and that the registration of judgment was issued in error.  *See* Doc. 318, ED CV 07-64,ODW, U.S. District Court, Central District of California.[1]  The Veltmanns had filed their appeal in the United States District Court, Central District of California, EVDC 07-64-ODW, on January 7, 2011.  *See* Doc. 3, Ex. A (Doc. 3-1) at 1.  That appeal is still pending.

## II. LEGAL STANDARDS

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

28 U.S.C.A. § 1963.  "[T]he registering court has authority, necessarily implied from § 1963 and as a matter of inherent jurisdiction, where a foreign judgment has been registered in . . . violation of the terms of the registration statute, to grant relief (a) by annulling or vacating the registered judgment . . .;  (b) by vacating any process or executions which may have been issued upon the registered judgment; and (c) by restoring the aggrieved parties any assets or properties which may have been seized or levied upon." *Ohio Hoist Mfg. Co. v. LiRocchi*, 490 F.2d 105, 107-108 (6th Cir. 1974).  "These appear to be the minimum steps which a District Court could take . . . to remedy a violation of the registration statute itself." *Id.* at 108.

---

[1]The federal courts may take judicial notice of the records of other courts if those records have a bearing on decisions in the case at hand.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007).  The Veltmanns attached to their motion to stay the Notice of Clerical Error, prior to it being amended.  *See* Doc. 3 Ex. B (Doc. 3-2 at 1).

**III. ANALYSIS**

In their motion to stay, the Veltmanns request the Court "to Stay all action in this filing" until their appeal in the underlying case is decided. Doc. 3 at 1. They assert that the clerk's certification that they did not file an appeal is false. *See* Doc. 3 ¶ 1, at 1. They also assert, with regard to the clerk's certification of the foreign judgment, that "[t]here is no official Stamp of any kind on the document filed in this court. Therefore we believe this document should be struck." Doc. 3 ¶ 2, at 2. The Veltmanns do not point to any law in support of their motion to stay.

Before the Court considers the motion to stay, it must determine whether the foreign judgment was properly registered in this Court. There are statutory limitations on when a foreign judgment may be registered in another court: "[only] when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. In this instance, an appeal was filed. The Court acknowledges that the original certification that stated that an appeal was not filed was issued in error. There is no indication that Plaintiffs filed the certification with an intent to defraud the Court. The Clerk's Certification was issued on January 13, 2011 and the Plaintiffs filed it with this Court on February 11, 2011. The amended notice of clerical error was filed six days later. After they filed the certification with this Court, however, Plaintiffs received notice of the correction and they did nothing to alert this Court of their filing error. Plaintiffs never moved the California court to permit the foreign judgment to be registered here while the appeal was pending if they could show good cause. The registration of the foreign judgment in this District does not comply with the statutory requirements. The Court will vacate the registered judgment. Because the foreign judgment will be vacated, the motion to stay is moot.

In their motion to stay, the Veltmanns also make all types of allegations against Attorney

John Robert Beauvais and ask for sanctions against him under Rule 11 of the Federal Rules of Civil Procedure.  *See* Doc. 3 ¶¶ 2-6, at 2-3; *Id.* at 3.  Rule 11 provides, in pertinent part, that anyone who signs a pleading or other court document certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that:  (1) the claims and legal contentions therein are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and (2) the factual contentions therein have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opporunity for further investigation or discovery.  FED. R. CIV. P. 11(b).  The ultimate goal of Rule 11 sanctions is "deterrence, rather than compensation." *Hutchinson v. Pfeil,* 208 F.3d 1180, 1183 (10th Cir. 2000).  "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."  FED. R. CIV. P. 11(c).  Contrary to the requirements of the Federal Rules of Civil Procedure, the Veltmanns request sanctions against Beauvais not by separate motion, but in their motion to stay.  Because the request does not comply with the Rules, it will be denied.

**IT IS ORDERED THAT** the registered judgment (Doc. 1) is hereby VACATED; and

**IT IS FURTHER ORDERED THAT** that Defendants' *Motion to Stay All Action* (Doc. 3) is hereby DENIED.

DATED this 25th day of August, 2011.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

*Attorneys for parties*:

*Attorney for Plaintiffs*:
J. Robert Beauvais
J. Robert Beauvais, P.A.
P.O. Box 2408
Ruidoso, NM 88345

Clyde Veltmann and Diantha Veltmann, *pro se*
3327 W. Wadley Ste. #3-328
Midland, TX 79707